UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Carrie A. Johnson, Brendon J.   Civil No. 08-686 (DWF/RLE)
Johnson, and Harley J. McLain,

        Plaintiffs,

v.   **MEMORANDUM**
   **OPINION AND ORDER**

EMC Mortgage Corporation, as
authorized agent for LaSalle Bank
National Association, as Trustee for
Certificateholders of Bear Stearns
Asset Backed Securities I LLC
Asset Backed Certificates, Series 2004-2,

        Defendant.

_____

Carrie A. Johnson, Brendon J. Johnson and Harley J. McClain, *Pro Se*, Plaintiffs.

Eldon J. Spencer, Jr., Esq., Ernest F. Peake, Esq., and Patrick J. Lindmark, Esq., Leonard, O'Brien, Spencer, Gale & Sayre, Ltd., Counsel for Defendant.

_____

**INTRODUCTION**

The above-entitled matter is before the Court pursuant to a Motion to Dismiss filed by Defendant EMC Mortgage Corporation ("EMC"). For the reasons set forth below, the Court grants EMC's motion and dismisses the Plaintiffs' suit with prejudice.

## BACKGROUND

Plaintiffs Carrie A. Johnson and Brendon J. Johnson purchased a home in Clay County, Minnesota.[1] Carrie Johnson executed a promissory note in connection with the purchase of the home on March 26, 2004. The promissory note was secured by a mortgage on the property granted by both Carrie and Brendon Johnson on the same date, in favor of Aames Funding Corporation DBA Aames Home Loans ("Aames"). In September 2004, Aames assigned the Johnsons' note and mortgage to EMC. EMC sold the Johnsons' mortgage loan to a trust, Bear Stearns Asset Backed Securities I LLC Asset Backed Certificates, Series 2004-2 (the "Trust"), and EMC retained servicing responsibilities. EMC is the authorized agent for LaSalle Bank National Association ("LaSalle Bank"), which is the trustee for the Trust. EMC and LaSalle Bank are parties to a Pooling and Servicing Agreement, under which EMC is required to represent and protect the interests of the Trust. (Aff. of Eldon J. Spencer, Jr. ("Spencer Aff.") ¶ 2.) The Court will refer to EMC and LaSalle Bank collectively as "Defendant."

In February 2007, Defendant commenced a foreclosure action in state court to

---

1    Plaintiff Harley J. McLain uses the same Minnesota mailing address as the Johnsons in connection with this suit, but Defendant indicates that it believes McLain is a resident of Montana who has assisted the Johnsons with their claims in this case. Defendant asserts McLain has no cognizable legal interest in the Johnsons' claims. As explained further below, McLain's residency and legal interests do not bear on the outcome in this matter.

foreclose the mortgage on the Johnsons' home.[2]  (Aff. of Lawrence A. Wilford ("Wilford Aff.") ¶ 3, Ex. B.)  A foreclosure sale was held on April 12, 2007, and Defendant was the successful bidder.  (*Id*. at ¶¶ 3-4, Ex. B.)  During 2007, Francis McLain, believed by Defendant to be Carrie Johnson's father, Harley McLain, and other individuals named McLain filed eighteen junior liens on the Johnsons' property.  Neither the Johnsons, nor any of the junior lien claimants, redeemed the property and there is no information in the record that any party appealed.  On February 15, 2008, however, the Plaintiffs filed suit against Defendant in state court in Clay County, Minnesota, by a complaint titled "Action to Quiet Title to Private Allodial Property and for Injunctive Relief" (the "Complaint").  On March 13, 2008, Defendant removed the action to this Court.

Plaintiffs' Complaint includes a variety of claims.  First, Plaintiffs seek to quiet title to the foreclosed property and, in support of this claim, allege violations of the Fifth and Fourteenth Amendments to the U.S. Constitution and rights pursuant to the Northwest Ordinance, as well as rights pursuant to Article I, section 15 of the Minnesota Constitution.  (Compl. at 13-20.)  Also in support of their request to quiet title, Plaintiffs claim that their land was patented; that Defendant has no rights because it was not a party to their mortgage transaction; that an action to quiet title was required before Defendant

---

2      The Johnsons had previously filed a Chapter 7 bankruptcy case.  While the Johnsons obtained a discharge of their personal obligations related to the mortgage loan through the bankruptcy case, the discharge did not void the mortgage.  *Harmon v. U.S. Through Farmers Home Admin.*, 101 F.3d 574, 579 (8th Cir. 1996) ("A discharge does not, without more, affect a creditor's right to collect a debt *in rem* by foreclosing a

(Footnote Continued on Next Page)

foreclosed; that the promissory note and mortgage are invalid due to "inherent fraud"; that the debt is invalid because Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), the Uniform Commercial Code ("UCC"), and Truth in Lending Act ("TILA"); that the Plaintiffs have an unextinguished common law lien on their property which is superior to the mortgage lien; that an extension of credit by Defendant violated its corporate charter and federal law, and was therefore *ultra vires*; that Defendant lacked standing to foreclose on the property; that Defendant failed to support the foreclosure through an appropriate witness; and that Defendant did not sustain a financial loss in connection with the transaction.  (*Id*. at 20-37.)

Second, Plaintiffs assert a cause of action for intentional infliction of emotion distress, based on Defendant's foreclosure, which Plaintiffs contend was unlawful. Plaintiffs claim that Defendant "knew or should have known that [it] had no right to enforce the note, and unlawfully chose to enforce the note by attempting to force [Plaintiffs] from [their] home."  (*Id.* at 40.)

Plaintiffs request compensatory and punitive damages, in the amount of $150,000 "in lawful money" which they describe as "silver one ounce coins."  (*Id*. at 40, 41.) Plaintiffs also request an injunction, listing injunctive relief as another cause of action in the Complaint.  In connection with this claim, Plaintiffs request that Defendant be ordered to remove the Johnsons' mortgage loan from its books and records and be enjoined from

---

(Footnote Continued From Previous Page)
mortgage").

marketing the property for sale and that this Court order Defendant to reconvey the property to the Johnsons. (Compl. at 38-39, 41.) Under this cause of action, Plaintiffs also request a declaratory judgment that they are the owners of the property and that Defendant has no security interest or any other right or title in the property. (*Id*. at 39.)

Defendant moved to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failing to state a claim upon which relief may be granted. Defendant also presented affidavits, which it argues contain matters outside the pleadings, and requests that its motion be treated as one for summary judgment pursuant to Fed. R. Civ. P. 12(d) and Fed. R. Civ. P. 56.

## DISCUSSION

This Court concludes that it lacks subject matter jurisdiction over Plaintiffs' suit under the *Rooker-Feldman* doctrine. Therefore, the matter must be dismissed.

**I.   Lack of Jurisdiction Under *Rooker-Feldman***

It is clear that a court may not proceed in a case unless it has jurisdiction. *Crawford v. F. Hoffman LaRoche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) (citing *Ex Parte McCardle,* 74 U.S. (7 Wall.) 506, 514 (1868)). Lack of subject-matter jurisdiction cannot be waived, and it may be raised at any time by a party to an action or by the court *sua sponte*.[3]  *Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir. 1993).

---

3      Though neither party raised the *Rooker-Feldman* doctrine in their briefs, this Court has an independent obligation to consider whether the doctrine applies. *Lemonds*, 222 F.3d at 492-493 (noting that the doctrine is jurisdictional and may be raised *sua sponte*).

Under the *Rooker-Feldman* doctrine, federal courts other than the United States Supreme Court lack subject-matter jurisdiction to hear challenges to state court judgments. *Lemonds v. St. Louis County,* 222 F.3d 488, 492 (8th Cir. 2000) (citing *Dist. of Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923)). A district court does not lack jurisdiction over every case in which a plaintiff seeks a result different from the one it obtained in state court; rather, *Rooker-Feldman* is implicated in the subset of cases where a losing party in state court subsequently complains about, and seeks review and rejection of, the state court's decision. *Skit Intern., Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 292 (2005)). Specifically, federal courts are precluded from adjudicating claims that are "inextricably intertwined" with state court judgments. *Lemonds*, 222 F.3d at 492 (citing *Feldman,* 460 U.S. at 482 n.16). A federal claim is "inextricably intertwined" with a state court judgment when "the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." *Id.* at 493 (quoting *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 25 (1987) (Marshall, J., concurring)). Application of the *Rooker-Feldman* doctrine is not discretionary. *Gisslen v. City of Crystal, Minn.*, 345 F.3d 624, 629 (8th Cir. 2003).

In *Postma v. First Fed. Savings & Loan of Sioux City*, the plaintiffs filed an action in federal court challenging a completed foreclosure under a variety of theories, including violations of state law, breach of contract, racketeering, violations of TILA, redlining,

burglary, and trespass.  74 F.3d 160, 161 (8th Cir. 1996).  The district court concluded that it lacked subject-matter jurisdiction pursuant to *Rooker-Feldman* because the federal action was essentially a collateral attack on the state foreclosure judgment.  *Id*. at 162.  The Eighth Circuit affirmed, holding that the plaintiffs' claims could succeed "only to the extent that the state court wrongly decided the foreclosure action."  *Id.*  Other circuits have reached the same conclusion in cases involving federal court challenges to completed state court foreclosure actions.  *See, e.g., Harper v. Chase Manhattan Bank*, 138 Fed. Appx. 130 (11th Cir. 2005) (holding plaintiff's claims under TILA, FDCPA and Equal Credit Opportunity Act ("ECOA") were inextricably intertwined with state court foreclosure proceeding, as shown by her request for an injunction to prevent enforcement of the foreclosure, and were properly dismissed pursuant to *Rooker-Feldman*); *Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529 (7th Cir. 2004) (affirming dismissal of action removed from state to federal court challenging foreclosure under federal law pursuant to *Rooker-Feldman* because plaintiff's claims were *de facto* appeals of, or inextricably intertwined with, state court foreclosure action).

     The claims asserted by Plaintiffs in this case are barred by *Rooker-Feldman* because the Plaintiffs' suit is a *de facto* appeal of the state court foreclosure action.  The nature of the relief requested is clear on the face of the Plaintiffs' Complaint, in that it seeks to quiet title to the property, a declaratory judgment that the Plaintiffs own the property, a reconveyance of the property to them, and an injunction preventing Defendant from exercising the rights it obtained through foreclosing on the property in state court.

The Plaintiffs could succeed in this suit only if this Court overturned the state court judgment, voided the mortgage, and restored Plaintiffs' rights in the property. This Court is barred entirely by *Rooker-Feldman* from granting this relief.

The presence of an additional party to the Plaintiffs' suit, Harley McLain, does not alter this result. Federal court jurisdiction is not determined by whether identical parties are present, but by whether the claims asserted are sufficiently separate from those in the state court action. *Gisslen*, 374 F.3d at 629 (stating that plaintiff could not disguise the similarity between state and federal suits by adding parties to the federal action); *Lemonds*, 222 F.3d at 495 (noting that parties in state and federal actions need not be the same for *Rooker-Feldman* to apply).

## II.     Basis for Dismissal

Defendant filed its motion to dismiss under Rule 12(b)(6) and requested summary judgment under Rule 12(d) and Rule 56, rather than moving for dismissal under Rule 12(b)(1), which lists lack of subject-matter jurisdiction as a defense. Defendant, however, also argued that Plaintiffs lack standing. If a plaintiff lacks standing, the district court lacks subject-matter jurisdiction and, therefore, a standing argument implicates Rule 12(b)(1). *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002).

In determining whether jurisdiction exists, a district court is free to weigh evidence to satisfy itself as to its power to hear a case. *Osborn v. U.S.*, 918 F.2d 724, 730 (8th Cir. 1990). A district court may consider matters outside the pleadings in determining its jurisdiction, and doing so does not convert a motion to dismiss into a motion for summary

judgment. *Deuser v. Vecera*, 139 F.3d 1190, 1192 n.3 (8th Cir. 1998) (stating that though the district court went beyond the allegations in the plaintiff's complaint in deciding to dismiss, the court properly did not treat the motion as one for summary judgment); *Osborn*, 918 F.3d at 730 (stating that in considering lack of subject-matter jurisdiction under Rule 12(b)(1), the court may proceed as it could not under Rule 12(b)(6) and Rule 56; no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts does not prevent the court from evaluating for itself the merits of jurisdictional claims). In addition, Rule 12(h)(3) states that "if a court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." This Court, therefore, concludes dismissal with prejudice, rather than summary judgment, is the proper procedure by which to dispose of this case.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant EMC's Motion to Dismiss (Doc. No. 2) is **GRANTED**.

2. Plaintiffs' Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**.


Dated:  June 12, 2008          s/Donovan W. Frank
                               DONOVAN W. FRANK
                               Judge of United States District Court